NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0153n.06

Case No. 24-3607

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 18, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| SPEED WAY TRANSPORTATION, LLC and AHMED SHEHATA, | ) ) | |
| Plaintiff-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) ) | |
| CITY OF GAHANNA, KEITH WINN, GAHANNA DIVISION OF POLICE, and JEFF SPENCE, | ) ) ) | OPINION |
| Defendants-Appellees. | ) ) | |

Before: BATCHELDER, LARSEN, and RITZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Ahmed Shehata, an Egyptian-born Muslim, is the sole owner of Speed Way Transportation, LLC, a vehicle towing company. Speed Way placed bids for a towing contract with the City of Gahanna, Ohio, in 2017 and again in 2020, but the City rejected both bids. Because Speed Way believed that its bids were denied for discriminatory reasons, it sued the City, alleging that the City and its officials violated its equal protection rights under the Fourteenth Amendment. The district court disagreed and granted the City's motion for summary judgment. We affirm.

**I.**

Shehata moved to the United States from Egypt in 2012 and became a citizen in 2018. Soon after moving here, Shehata opened a towing company in Gahanna, Ohio, called Speed Way. As Speed Way's business grew, it rented property in Gahanna, which spurred a series of negotiations over zoning regulations between Speed Way and the City. Through these

negotiations, Speed Way obtained a one-year conditional-use permit for that property, which the City extended for an additional year through 2018. Because the property lacked permanent fixtures, the conditional-use permit required Speed Way to obtain a temporary office structure, portable bathroom and handwashing station, and potable water tank, until permanent facilities could be installed. The City also required Speed Way to install a handicap ramp and construct a fence to block certain parts of the lot from public view.

As it worked with the City to bring the property into compliance with the zoning regulations, Speed Way sought to join the list of towing providers maintained by the City. At the time, the list included three companies that the City had worked with for many years, but the City had no formal bidding process for other towing companies to join the list. However, in 2017 the City adopted a request-for-proposals (RFP) system for selecting towing providers. The 2017 RFP sought bids for a three-year towing contract with the City, from which the City would select two contractors that met certain qualifications.

Speed Way submitted a bid in response to the 2017 RFP, but the City selected two of the towing companies with which it had previously worked. The City informed Shehata that Speed Way failed to meet certain property maintenance conditions and zoning requirements to receive a contract. After Mark Thomas, the Director of Public Safety at the time, informed Speed Way of the rejection, Thomas emailed certain city employees informing them of the rejection, including Director of Public Services, Dottie Franny. Franny then forwarded Thomas's email to other city employees and told them to "be on alert" and to "take precaution if [Shehata] enters the building by calling the police department immediately" as he may be "extremely upset[]" by the notice of rejection. Franny sent that email because she had previously witnessed Shehata behave in a loud and "accusatory" manner with City Hall staff. Although calling the police when citizens behave

2

in such a disruptive manner toward City Hall officials is normal practice, the record does not suggest Shehata had threatened any City employees.

After losing the 2017 bid, Speed Way sued the City in state court, alleging promissory estoppel. The state court rejected Speed Way's claims and granted the City's motion for summary judgment. *Speed Way Transp. LLC v. City of Gahanna*, 18CV010373 (Franklin Cnty. Ct. Com. Pl. filed Dec. 13, 2018). Speed Way then appealed that decision, which was not resolved until after the 2020 RFP decision. *See Speed Way Transp., LLC v. City of Gahanna*, No. 24AP-141, 2024 WL 5135516, at *6 (Ohio Ct. App. Dec. 17, 2024).

When the City issued another towing RFP in 2020, Speed Way submitted a proposal. Speed Way faced some difficulty in submitting this second bid, however, because City Hall was closed during the COVID-19 pandemic and because Speed Way also had to communicate with the City through the City Attorney's office due to the pending state-court litigation. Police Chief Spence evaluated the 2020 RFP submissions and awarded the contracts to the same two towing companies that were awarded contracts in 2017. Chief Spence denied Speed Way's bid and informed it that, based on his observations of the property from the roadway, its property did not comply with the 2020 RFP's requirements. Specifically, Speed Way's property failed to meet the RFP's space and fencing requirements and had multiple code violations. Since the rejection of its 2020 proposal, Speed Way's relationship with the City has not improved.

After the City rejected its 2020 bid, Speed Way brought a 42 U.S.C. § 1983 action against the City, alleging that the City violated its equal protection rights under the Fourteenth Amendment.[1] The City moved for summary judgment and the district court granted the motion,

---

[1] Speed Way brought other claims that were previously dismissed by the district court. *Speed Way Transp., LLC v. City of Gahanna*, No. 2:20-CV-5047, 2021 WL 2438885, at *1 (S.D. Ohio June 15, 2021). We affirmed the district court's decision dismissing those claims but allowed Speed

concluding that Speed Way failed to provide evidence of intentional discrimination. Speed Way now appeals.

## II.

We review a district court's grant of summary judgment de novo. *DeVore v. Univ. of Ky. Bd. of Trs.*, 118 F.4th 839, 844 (6th Cir. 2024). Summary judgment is proper when there is no genuine dispute of material fact, and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if, taking the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, 'a reasonable jury could return a verdict for the nonmoving party.'" *DeVore*, 118 F.4th at 844 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Fourteenth Amendment's Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011). When, as here, the plaintiff alleges that the defendant has targeted a suspect class such as religion or national origin, we apply the same framework used to decide race discrimination claims under Title VII. *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). Under Title VII, a plaintiff can prove unlawful discrimination through either direct or circumstantial evidence. *Peeples v. City of Detroit*, 891 F.3d 622, 633 (6th Cir. 2018). Here, Speed Way relies on both types of evidence, and we address each issue in turn.

---

Way to pursue this claim under the Equal Protection Clause. S*peed Way Transp., LLC v. City of Gahanna*, No. 21-3657, 2023 WL 2293099, at *4 (6th Cir. Mar. 1, 2023).

**A.**

To support its direct evidence claim, Speed Way points only to Franny's email to City Hall employees that instructed all employees to "be on alert" and to call the police if Shehata entered the building. But this fails because evidence qualifies as direct evidence only if it "requires the conclusion that unlawful discrimination was at least a motivating factor" in the City's decision and does not require the jury to make any inferences. *Peeples*, 891 F.3d at 633 (quoting *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999)). Here, Franny's email does not mention Shehata's national origin or religion. Hence, it would support Speed Way's claim only if the jury were to *infer* that the reason for the email was Franny's animus toward his national origin and religion.

Further, because Franny was not a decision-maker in awarding either contract, her email is not direct evidence of discrimination and cannot support Speed Way's claim of discrimination in the bid-selection process. *See Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 550 (6th Cir. 2004) (statements made by a non-decision-maker in connection with the discharges were irrelevant). Speed Way therefore cannot prove intentional discrimination based on direct evidence.

**B.**

When a plaintiff attempts to prove unlawful discrimination through circumstantial evidence, we employ Title VII's *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). Under this framework, Speed Way must first establish a prima facie case of discrimination. *Levine v. DeJoy*, 64 F.4th 789, 797 (6th Cir. 2023). Second, if it makes such a case, the burden shifts to the City to offer a legitimate, non-discriminatory reason for its rejection of the 2017 and 2020 contract bids. *Id.* Third, if the City can provide this evidence, then the burden shifts back to Speed

Way to show that the City's proffered reasons were merely pretext for unlawful discrimination. *Id.* at 798.

Even if we assume that Speed Way could establish a prima facie case of discrimination, it cannot prevail. The City offered several legitimate, nondiscriminatory reasons for its denial of Speed Way's contract bids, and Speed Way cannot prove that those reasons were merely pretext for discrimination.[2] For example, in 2017, the City denied Speed Way's bid because it failed to meet the RFP's lot-surfacing, fencing, and vehicle-storage requirements. And in 2020, the City denied Speed Way's bid for similar reasons, stating that the property had multiple code violations, that it did not meet the same space and fencing requirements, and that it did not have heavy-duty towing equipment on site. So, given these legitimate, nondiscriminatory explanations, Speed Way can prevail on its equal protection claim only if it can "produce sufficient evidence" from which a juror could "reasonably reject [these] explanation[s]" as mere pretext for discrimination. *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 510 (6th Cir. 2022) (citations omitted).

To prove that the City's nondiscriminatory explanation was pretext, Speed Way has three options: (1) show that the explanation has no basis in fact, (2) show that explanation did not actually motivate the City's decision, or (3) show that the explanation could not have justified the City's decision. *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 915 (6th Cir. 2013). Here, Speed Way cannot show pretext using any of these theories.

First, Speed Way cannot show that the City's explanation for denying its 2017 proposal has no basis in fact. Indeed, Speed Way does not dispute that the property did not meet the 2017 RFP requirements. Rather, Speed Way argues that the City's adoption of the RFP bidding process

---

[2] The district court determined that Speed Way could not make a prima facie case but analyzed the second and third steps of the *McDonnell Douglas* framework.

itself was pretext for discrimination. But the City officials in charge of the RFP system knew nothing about Shehata's national origin or religion when it implemented the RFP process in 2017, and Speed Way provides no evidence to suggest otherwise. Based on the available evidence, no reasonable juror could conclude that the City adopted an RFP bidding process used by many other government entities, including the federal government, just to prevent Speed Way from getting a towing contract because the City has animus toward people from Egypt or Muslims.

Second, Speed Way cannot show that the City's reasons for denying its 2020 proposal were not based in fact. The City, based on Chief Spence's observations, denied Speed Way's 2020 proposal because the property had multiple code violations, it did not meet the space and fencing requirements, and it did not have heavy-duty towing equipment on site. Just as in 2017, Speed Way has provided no evidence to show that its property met the 2020 RFP's requirements. Nor does it dispute that it was operating under an expired conditional-use zoning permit. Finally, while the 2017 RFP decision-maker informed Speed Way that on-site heavy-duty towing equipment was not an RFP requirement, there was a different decision-maker in 2020, and this representation was not repeated. Speed Way's claims therefore fail because, in both 2017 and 2020, the City relied on "particularized facts" relating to the condition of Speed Way's property when it rejected Speed Way's bids, and Speed Way cannot show that the City's stated reasons had no basis in fact. *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 401 (6th Cir. 2009).

As a final salvo, Speed Way argues that its dealings with the City over the course of its lifetime provide enough circumstantial evidence to show pretext. However, Speed Way has pointed to no evidence of a single decision-maker, policy, or common theme connecting the events that took place over the nearly nine-year period in which Speed Way has operated in Gahanna, let alone demonstrated how these events are connected to Shehata's national origin or religion. Speed

7

Way therefore fails to show that the City's stated reasons for denying its towing contract bids were pretextual, and the City is entitled to summary judgment.

### III.

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment.